IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TIMOTHY D. PUMPHREY,

    Appellant,

v.

ALLEN HARIM FOODS and
UNEMPLOYMENT INSURANCE
APPEAL BOARD,

    Appellee.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. S18A-12-001 RFS

## **MEMORANDUM OPINION**

*On Appeal from a Decision of the Unemployment Insurance Appeal Board.*
*Affirmed.*

Submitted: 7/3/19
Decided: 8/26/19

Timothy D. Pumphrey, 19156 Bunting Ave, Lincoln, Delaware 19960, Pro Se Appellant.

Daniel C. Mulveny, Esq., and Victoria W. Counihan, Esq., Department of Justice, Carvel State Building, 820 North French Street, Wilmington, Delaware 19801, Attorneys for Appellee, Unemployment Insurance Appeal Board.

Allen Harim, 18752 Harbeson Rd., P.O. Box 277, Harbeson, Delaware 19951.

STOKES, R.J.

## I. Introduction

Timothy Pumphrey ("Appellant") has appealed the decision of the Unemployment Insurance Appeals Board ("UIAB" or "Board") to deny Appellant's untimely appeal of the decision of the Appeals Referee. Neither the Board nor the employer has participated in this appeal. For the reasons stated herein, the decision is **AFFIRMED**.

## II. Factual and Procedural History

Appellant was terminated from his employment with Allen Harim Foods ("Employer"). Employer terminated Appellant for alleged poor performance of responsibilities such as failure to respond to emails, complaints, and lack of proficiency in Kronos.[1] Employer terminated Appellant on June 22, 2018, while Appellant was on medical leave.

On July 22, 2018, Appellant applied for unemployment compensation benefits. A Claims Deputy determined that Appellant was discharged from his employment, without just cause, and was entitled to recovery of unemployment compensation benefits. On September 5, 2018, an Appeals Referee affirmed the decision of the Claims Deputy.

However, a second hearing was held on the matter of overpayment of unemployment compensation benefits to Appellant. The Claims Deputy at this hearing determined that Appellant received benefits, to which he was not entitled, and that there was an overpayment as determined by the Department of Labor. Appellant appealed the decision of the Claims Deputy and had a hearing in front of an Appeals Referee on October 18, 2018. The Appeals Referee affirmed the decision of the Claims Deputy. In the Appeals Referee's written decision she reasoned that Appellant was not eligible to receive unemployment compensation benefits for the dates of June

---

[1] Kronos is a time management system used for processing payroll. Knowledge of the Kronos system was an essential requirement for Appellant's job.

23, 2018, June 30, 2018, July 7, 2018, and July 14, 2018. The Appeals Referee reasoned that Appellant was not eligible for these payments because he did not file his claim until July 22, 2018 and that 19 *Del. C.* § 3315 holds that an individual cannot be found eligible to receive benefits for weeks prior to the time the individual opens a claim for unemployment benefits.[2]

The decision of the Appeals Referee was mailed to Appellant on October 24, 2018. The decision stated that the last day to file an appeal with the Board before it became final and binding was November 3, 2018. On November 8, 2018, Appellant filed an appeal of the Appeal Referee's decision with the UIAB. On November 13, 2018, Appellant had a hearing before the UIAB and on November 28, 2018, the UIAB mailed Appellant its written decision affirming the determination of the Appeals Referee. The UIAB determined that Appellant's appeal was untimely under 19 *Del. C.* § 3318(c)[3] and declined to exercise its discretion under 19 *Del C.* § 3320[4] to accept the appeal *sua sponte*.

The UIAB held that pursuant to 19 *Del C.* § 3318(c), the Referee's Decision "shall be deemed final unless within 10 days after the date of notification or mailing of such decision further appeal

---

[2] 19 *Del. C.* § 3315 states in relevant part:
An unemployed individual shall be eligible to receive benefits with respect to any week only if the Department finds that the individual:
>    (2) Has made a claim for benefits with respect to such week in accordance with such regulations as the department prescribes

19 Del. Admin. Code 1202-6.0 states in relevant part:
Claims and Registrations
>    6.1 Except as otherwise provided in this regulation, any individual claiming benefits shall:
>        6.1.1 File a claim for benefits, either in-person at a Delaware Division of Unemployment Insurance Local Office or via the Internet (such claim shall be effective as of the Sunday immediately preceding the date of filing) and
>        6.1.2 Register for work with the Delaware Division of Employment & Training.

[3] 19 *Del. C.* § 3318(c) states in relevant part:
>    "The parties shall be duly notified of the tribunal's decision, together with its reason therefor, which shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal is initiated pursuant to § 32320 of this title."

[4] 19 *Del. C.* § 3320 states in relevant part:
>    "The Unemployment Insurance Appeal Board [UIAB] may on its own motion affirm, modify, or reverse any decision of an appeal tribunal on the basis of the evidence previously submitted to the appeal tribunal or it may permit any of the parties to such decision to initiate further appeal before it."

2

[the Board] is initiated pursuant to § 3220 of this title." Further, the UIAB reasoned that the statutory time limit is jurisdictional and noted that it may, in cases of severe circumstances, exercise its discretion under § 3220 to accept an appeal *sua sponte*. However, the UIAB declined to exercise its discretion under § 3220 because the UIAB found no evidence of Departmental error that prevented Appellant from filing a timely appeal of the Referee's Decision. Nor has Appellant provided any evidence of any severe circumstances sufficient to justify the exercise of the UIAB's discretion. Accordingly, the UIAB found that Appellant had been given notice and opportunity to be heard sufficient to satisfy the requirements of due process.

## III. Standard of Review

When reviewing the decisions of the Board, this Court must determine whether the Board's findings and conclusions of law are free from legal error and are supported by substantial evidence in the record.[5] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[6] The Court's review is limited: "[i]t is not the appellate court's role to weigh evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[7]

In reviewing the Board's decision, in this situation, the Court's analysis is twofold.[8] First, it is necessary to determine whether or not the finding that the appeal was untimely is supported by the facts in the record.[9] Second, "the Court must determine whether the Board abused its discretion by not exercising, *sua sponte*, its power to review the record for an injustice despite the untimely

---

[5] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A. 2d 1265 (Del. 1981).
[6] *Gorrell v. Division of Vocational Rehab.*, 1996 WL 453356 at *2 (Del. Super. Ct. 1996).
[7] *McManus v. Christiana Serv. Co.*, 1997 WL 127953, at *1 (Del Super. Ct. 1997).
[8] *Anderson v. Comfort Suites*, 2004 WL 304359, at *2 (Del. Super. Ct. 2004).
[9] *Id.*

3

appeal."[10] This Court will not disturb a discretionary ruling of an administrative agency unless it is "based on clearly unreasonable or capricious grounds."[11] Furthermore, "an abuse of discretion occurs where the Board exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[12]

## IV.    Discussion

### A.  The Facts Support the UIAB's Finding that Appellant's Appeal Was Untimely.

Upon a careful review of the record, the Board's decision to deny Appellant's late appeal is supported by substantial evidence. Delaware law clearly provides that a claimant has ten days after an adverse decision from an Appeals Referee is mailed to appeal that decision to the UIAB.[13] If a claimant fails to file an appeal within this statutory time period, the Appeals Referee's determination shall be deemed final.[14]

The record shows that the Appeals Referee's decision was dated and mailed to Appellant on October 24, 2018. In an Affidavit, the Appeals Referee certified that a true and correct copy of her decision was mailed to Appellant via first class mail on October 24, 2018. The decision stated that the last day to file an appeal was on November 3, 2018. However, November 3, 2018, was a Saturday and Appellant actually had until the next business day, Monday, November 5, 2018, to file a timely appeal.

Appellant filed his appeal of the Appeals Referee's decision with the UIAB on November 8, 2018, three days after the deadline for timely filing. Furthermore, in his opening brief, Appellant did not attempt to explain why his appeal to the UIAB was filed untimely. Rather, Appellant

---

[10] *Id.* citing *Robledo v. Stratus*, 2001 WL 428684, at *1 (Del. Super Ct. 2001).
[11] *K-Mart, Inc. v. Bowles*, 1995 WL 269872, at *2 (Del. Super. Ct. 1995).
[12] *Id.*
[13] 19 *Del. C.* § 3318(c).
[14] *Id.*

4

discussed the merits of his appeal to the UIAB, which are not relevant to this appeal. There is no evidence to suggest that Appellant filed his appeal prior to the November 5, 2018 deadline. Also, Appellant does not argue that he did not receive his mail in a timely matter. The only evidence before the UIAB was that Appellant filed his appeal on November 8, 2018, which was after the deadline to file a timely appeal. Based on the evidence presented in the record, the UIAB's decision that Appellant's appeal was not timely filed is supported by substantial evidence and free from legal error.

*B. The Board Did Not Abuse Its Discretion in Denying Appellant's Untimely Appeal.*

19 *Del. C.* § 3320 grants the Board authority to "act *sua sponte* beyond the ten day appeal period to consider a case where no valid appeal has been filed by the parties."[15] However, the Board exercises this authority only "where there has been some administrative error on the part of the Department of Labor which deprived the claimant of the opportunity to file a timely appeal, or in those cases where the interest of justice would not be served by inaction."[16] It is well established that absent an abuse of discretion by the Board, "the Court must uphold a decision of an administrative tribunal."[17]

The UIAB found that there was no departmental error or other grounds that would require it to assume jurisdiction of the case *sua sponte*. The record clearly shows that the Appeals Referee's decision was properly mailed to Appellant's address on October 24, 2018 and that no appeal was received until November 8, 2018. In fact, Appellant has failed to show any evidence of error on the part of the Department of Labor that might have caused his appeal to be filed untimely. Appellant also failed to present any evidence of "severe circumstances" to the Board. The only

---

[15] *Funk v. UIAB*, 591 A. 2d 222, 225 (Del. 1991)(en banc).
[16] *Anderson*, 2004 WL at *3(quoting *Funk*, 591 A. 2d at 225).
[17] *Id.*

claim that Appellant makes is that an employee at the unemployment office did not allow Appellant to file his original unemployment compensation claim on his first attempt to file a claim on June 24, 2018. The employee allegedly told Appellant that he was not allowed to file his original unemployment claim on June 24, 2018 because he was on medical leave at that time and did not have a medical release to come back to work yet. He argues that the employee at the unemployment office was wrong and should have let him file his claim on June 24, 2018. Furthermore, Appellant argues that the determination of the Claims Deputy in his first hearing should stand, and that he should not have to pay back the overpayment of unemployment compensation benefits from the dates of June 23, 2018, June 30, 2018, July 7, 2018, and July 14, 2018.

However, Appellant's argument fails to show an error on the part of the Department of Labor that would have caused his current appeal to the UIAB to be filed untimely. Also, this Court has found that the loss of benefits alone is insufficient to demonstrate a severe circumstance.[18] In *Lacsamana v. Dept. of Labor*, the appellant was charged with fraudulently obtaining unemployment benefits.[19] The *Lacsamana* Court held that even though the appellant was subject to the consequences of fraud and the lost ability to apply for unemployment benefits for one year, the circumstances were not severe enough for the UIAB to be required to take the case *sua sponte*.[20] Furthermore, this Court has held that where the circumstances are less severe than in *Lacsamana*, that the UIAB did not abuse its discretion by applying the time limitation of 19 *Del. C.* § 3318(c) by refusing to consider an appeal *sua sponte*.[21]

---

[18] *Lacsamana v. Dept. of Labor*, 1998 WL 109883 at *3(Del. Super. Ct. 1998),*aff'd*, 713 A. 2d 932 (Del. 1998)(Table).
[19] *Id.*
[20] *Id.*
[21] *Morra v. Unemployment Ins. Appeal Bd.*, 2004 WL 1965825 at *3(Del. Super. Ct. 2004)(holding that a claimant who was overpaid unemployment compensation benefits for non-fraudulent reasons was not entitled to a UIAB hearing *sua sponte* after an untimely appeal of an Appeals Referee's decision).

Presently, Appellant has not presented the Court with any arguments that indicate "severe circumstances" sufficient to justify the exercise of the Board's discretion. Appellant's only argument concerns the overpayment of unemployment compensation benefits and his responsibility to pay that overpayment back. Furthermore, Appellant makes no argument that the Department of Labor has caused his current appeal to be filed untimely. The UIAB's decision is based on settled Delaware law.

## V.    Conclusion

The Court's determination that Appellant's appeal was filed untimely is supported by substantial evidence and the Court did not abuse its discretion by applying the time limitation of 19 *Del. C.* § 3318(c) and refusing to consider the late appeal *sua sponte*. Considering the foregoing, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**